IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTHA LOUISE HAYES,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | 4:21-CV-3316<br><br>**ORDER ON SECOND MOTION FOR ENLARGEMENT OF TIME** |

On August 18, 2022, the Court denied Plaintiff's very untimely motion for an enlargement of time to file her motion and brief for reversal of the Commissioner's decision, without prejudice to reassertion, based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 6(b)(1)(B). Filing 17 at 2. In that Order, the Court specifically stated that "Plaintiff must show good cause and that she acted with excusable neglect before the Court will consider extending its deadlines." Filing 17 at 2. The Court granted Plaintiff the opportunity, however, "to file a subsequent motion to extend the Court's deadlines establishing both good cause and further articulating excusable neglect." Filing 17 at 2. The Court also made clear in that Order that it did "not consider agreement of opposing counsel to be good cause for an extension of the Court's deadlines." Filing 17 at 2.

1

On August 25, 2022, Plaintiff filed a new Motion seeking an enlargement of time to file her "Brief." Filing 18.[1] Totaling three sentences, Plaintiff's new Motion is barely longer than her original. *Compare* Filing 15 (consisting of approximately 79 words in substance) *with* Filing 18 (consisting of approximately 121 words in substance). In this Motion, Plaintiff concedes that she did not file her brief in a timely fashion. Filing 18. Yet, she maintains that in March 2022, Plaintiff's counsel "hired a new paralegal to assist with the disability cases in his office and that the deadline for filing the brief was not calendared and noted in his file." Filing 18. At no point in this Motion, however, does Plaintiff articulate good cause for why her Motion should be granted now, even if her failure to file a timely Motion in the first place is excusable. This Court's previous Order—as well as Fed. R. Civ. P. 6(b)(1)(B)—required Plaintiff to establish *both* (1) why her failure to file the Motion in a timely fashion constitutes excusable neglect, and (2) why there is good cause to grant the Motion in the first place.

"Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The Eighth Circuit Court of Appeals has repeatedly stated that "[t]he determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" *Kabusich v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (quoting *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993)).

---

[1] Plaintiff appears to overlook the requirement in General Order No. 2015-05, Filing 3 in this case, that she must file "a motion for an order reversing the Commissioner's decision or granting other relief, together with a supporting brief," rather than just a "brief."

In conducting this analysis, the Eighth Circuit has specifically looked to the four *Pioneer* factors: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer*, 507 U.S. at 395). However, "[t]he four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). Somewhat more categorically, the Eighth Circuit has noted that counsel's occupation "with other hearings does not constitute excusable neglect." *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010).

Although mindful that this would be Plaintiff's third attempt to obtain an extension of time to file a belated motion and brief—indeed, a motion and brief already more than three months overdue—the Court will nevertheless defer ruling on Plaintiff's request. The Court will allow Plaintiff the chance to explain whether her cursory, one-sentence explanation qualifies as excusable neglect under existing precedent and to explain more thoroughly how the law governing this issue, particularly the four *Pioneer* factors cited above, apply in this instance. In this filing, Plaintiff will *separately* explain why there is also good cause to grant a 30-day enlargement of time. The two are not one and the same. Thus, yet again the Court denies Plaintiff's Motion for an Enlargement of Time without prejudice to reassertion. Plaintiff shall have seven (7) days from the date of this order to file a subsequent motion to extend the Court's deadlines establishing both good cause and further articulating excusable neglect. Defendant shall have seven (7) days from

the date of Plaintiff's filing to respond, even though Defendant has so far acquiesced to Plaintiff's request.

IT IS ORDERED that Plaintiff's Motion for Enlargement of Time is denied without prejudice to reassertion within seven (7) days of the date of this order, with Defendant receiving seven (7) days to respond to Plaintiff's filing.

Dated this 29th day of August, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge