IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTHA LOUISE HAYES, | |
| Plaintiff, | 4:21-CV-3316 |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ORDER ON THIRD MOTION FOR ENLARGEMENT OF TIME |
| Defendant. | |

## I. BACKGROUND

This matter comes before the Court on Plaintiff's Third Motion for an Enlargement of Time to file her motion and brief for reversal of the Commissioner's decision denying her Social Security Disability benefits. Filing 21. Plaintiff originally filed a motion seeking an enlargement of time on August 16, 2022. Filing 16 at 1. That motion was untimely, and the Court denied it based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 6(b)(1)(B). Filing 17 at 2. Plaintiff sought to remedy her noncompliance in a second motion seeking an enlargement of time that she filed on August 25, 2022. Filing 18 at 1. The Court denied that motion as well because Plaintiff's second filing still failed to comply with Fed. R. Civ. P. 6(b)(1)(B). *See* Filing 20 at 2-3. In its Order denying Plaintiff's second motion for an enlargement of time, the Court stated that it would allow Plaintiff seven days to file a subsequent motion for an enlargement of time

1

"establishing both good cause and further articulating excusable neglect." Filing 20 at 3. The Court further granted Defendant seven days from the date of Plaintiff's filing to respond. Filing 20 at 3.

Plaintiff submitted her third filing seeking an enlargement of time on September 2, 2022. Filing 21 at 1. Unlike her prior two filings on the subject, Plaintiff's third filing complies with Fed. R. Civ. P. 6(b)(1)(B). She articulates her basis for the Court to find good cause to grant an enlargement of time and separately analyzes why the Court should excuse the untimely nature of her original submission based on excusable neglect. Plaintiff contends that there is good cause to grant an enlargement of time because there have been no prior enlargements of time in this case, the enlargement of time will neither prejudice Defendant nor the adjudicatory process, and "Plaintiff should not be precluded from having her case considered by the Court because of the error of Counsel . . . ." Filing 21 at 3. In terms of establishing excusable neglect, Plaintiff addresses each of the four factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Despite the Court's express invitation to respond, Defendant did not submit anything in relation to Plaintiff's most recent filing.[1]

## II. DISCUSSION

Submitting a motion for an enlargement of time over 100 days after such a motion is due is a problem. More concerning still is that when the Court first denied the motion, Plaintiff's second attempt again failed to meet the requirements of Fed. R. Civ. P. 6(b)(1)(B). Although this is a close call, because "[t]he determination of whether neglect is excusable 'is at bottom an equitable one,'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010), the Court will grant Plaintiff's motion for an enlargement of time in part for the following reasons.

---

[1] In Plaintiff's most recent filing, her Counsel represented that "after consulting with Counsel for the Government, this motion will not be opposed." Filing 21 at 3.

### A. Excusable Neglect and the *Pioneer* Factors

In determining whether a party has demonstrated "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B), courts consider four factors to be "particularly important." *Chorosevic*, 600 F.3d at 946. These four factors—which derive from the Supreme Court's decision in *Pioneer Inv. Servs.*, 507 U.S. 380—are as follows: (1) the possibility of prejudice to the non-moving party, (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the moving party's reasons for delay, including whether the delay was within her reasonable control; and (4) whether the moving party acted in good faith. *Chorosevic*, 600 F.3d at 946; *see also Sugarbaker v. SSM Healthcare*, 187 F.3d 853, 856 (8th Cir. 1999). The United States Court of Appeals for the Eighth Circuit has previously said that the "*Pioneer* factors do not carry equal weight" and that the reason-for-the-delay factor "will always be critical to the inquiry" and "must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

Nevertheless, the Eighth Circuit has made clear that a district court is still "obligated" to consider the three other *Pioneer* factors as well. *Chorosevic*, 600 F.3d at 947. It has further caveated that a court "may focus primarily on the reason for the movant's delay" when "the judicial disfavor for default dispositions is not implicated[.]" *Id.* In *Chorosevic*, the Eighth Circuit determined that the district court did not err in finding excusable neglect and noted that if the district court would have denied the moving party leave to file out of time, "it would have imposed on [the non-moving party] a severe penalty unmatched by any prejudice to [the moving party]. Such a result would have contravened '[t]he judicial preference for adjudication on the merits[, which] goes to the fundamental fairness of the adjudicatory process.'" *Id.* (quoting *Oberstatr v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (alterations in original). Thus, concern for judicial disfavor with default dispositions was implicated in *Chorosevic* and the Eighth Circuit held "that

the district court did not abuse its discretion in granting [the non-moving party] leave to file answers out of time." *Chorosevic*, 600 F.3d at 947.

   1. *Prejudice to the Defendant*

As to the first *Pioneer* factor, Plaintiff asserts that there is no prejudice to Defendant. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Defendant does not articulate any either. The delay in this type of case is not inherently prejudicial. Plaintiff is seeking judicial review of the administrative denial of her claim for Social Security Disability benefits. *See* Filing 1 at 1. The administrative record has already been compiled and filed with the Court. Filing 12, Filing 13. The Court concludes that Defendant will not be prejudiced by this late filing under the circumstances of this case and the type of claim at issue. The Court will not assume prejudice especially when Defendant has not claimed any. This factor weighs in favor of Plaintiff.

   2. *The Length of the Delay and Possible Impact to Judicial Proceedings*

For similar reasons, the Court concludes that the second *Pioneer* factor weighs in favor of Plaintiff. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Plaintiff's initial 100-plus day delay in submitting her motion for an enlargement of time is significant and troubling. However, when considering the particular nature of the case and the type of claim at issue, the Court does not find that the length of the delay will pose a particularly negative impact on the fair and orderly adjudication of the matter. There are no hearings scheduled in this case; nor does this case present the possibility for a trial. Plaintiff is seeking judicial review of the administrative denial of Social Security benefits pursuant to 42 U.S.C. § 1383(c)(3). Again, Defendant did not submit a responsive filing and, therefore, offers nothing to suggest a contrary conclusion. The Court is also mindful that denying Plaintiff's motion for an enlargement of time would effectively cause her claim to be dismissed. To the extent Plaintiff were then to seek to refile her claim, the refiling would prolong

the ultimate adjudication of the matter even further. The length of the delay itself may be of concern, but when it is considered in light of the type of claim at issue, all attendant circumstances, and the lack of any opposition from Defendant, this factor weighs in favor of Plaintiff.

 3. *Plaintiff's Reasons for the Delay*

The third factor does not weigh in Plaintiff's favor. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Plaintiff avers that in March of 2022, her Counsel hired a new paralegal. Filing 21 at 1. Plaintiff states that her Counsel's new paralegal did not place the deadline for filing the requisite motion and brief in this case on Counsel's calendar, "and therefore Counsel for the Plaintiff was not aware of the deadline . . . ." Filing 21 at 1. Plaintiff's Counsel admits that "it is his responsibility to be aware of deadlines" and that it was an "oversight" on his part that "was in no way the fault of Plaintiff." Filing 21 at 2. Plaintiff does "not claim that some outside, intervening factor was involved." Filing 21 at 2. None of these explanations bode well for Plaintiff. The Court acknowledges that this factor generally carries the "greatest import," *Lowry*, 211 F.3d at 463, and under different circumstances this factor would likely preclude the Court from finding excusable neglect. Two unique considerations present in this case ultimately lighten the weight of this factor, however.

First, if this Court were to deny Plaintiff's motion for an enlargement of time, the denial would effectively be case-dispositive. Without leave to file a motion and brief challenging Defendant's administrative determination, Plaintiff cannot go forward on her claim. Just as in *Chorosevic*, concern for judicial disfavor with default dispositions is implicated in this case. Therefore, if this Court were to place dispositive emphasis on this factor, the end result would "contravene[] '[t]he judicial preference for adjudication on the merits[, which] goes to the

fundamental fairness of the adjudicatory process.'" *Chorosevic*, 600 F.3d at 947 (quoting *Oberstar*, 987 F.2d at 504) (alterations in original).

Second, Defendant has not opposed Plaintiff's motion for an enlargement of time. Had Defendant done so, this might be a different conclusion. The Court notes that it expressly invited Defendant to articulate its position on the matter in its most recent Order, and Defendant did not submit anything. The Court concludes that the third *Pioneer* factor weighs against Plaintiff, but that other circumstances lessen the weight that it would otherwise normally be afforded.

4. *Good Faith*

With respect to the fourth and final *Pioneer* factor, the Court has no basis to question Plaintiff's assertion of good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. In Plaintiff's most recent filing, her Counsel accepts responsibility for his oversight. Nothing suggests that Plaintiff's delay was motivated by an ulterior or nefarious motive, and Defendant does not suggest otherwise. Plaintiff's Counsel represents that once he became aware of his oversight, he filed a motion with the Court. Filing 21 at 3. Though that initial motion was not satisfactory (as Counsel for Plaintiff now acknowledges), the Court has no evidence of bad faith on the part of Plaintiff or her Counsel. Thus, this factor weighs in Plaintiff's favor.

5. *Under the Unique Circumstances Here, the Court finds Excusable Neglect*

Based on the Court's analysis of the four *Pioneer* factors and all other relevant considerations addressed above, and further recognizing that this determination is ultimately an equitable one, the Court finds that Plaintiff has established excusable neglect under the unique circumstances presented here.

### B. Good Cause

In addition to requiring excusable neglect, Fed. R. Civ. P. 6(b)(1) separately requires Plaintiff to establish good cause for her motion seeking an enlargement of time. The need to establish good cause for extending a filing deadline applies whether the motion is timely or not. *See id*. Plaintiff states in her motion that she "should not be precluded from having her case considered by the Court because of the error of Counsel," and the Court agrees. The Court finds that there is good cause to grant Plaintiff's motion for an enlargement of time in part.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Third Motion for an Enlargement of Time in part. Plaintiff originally requested a 30-day enlargement of time on August 16, 2022. Filing 16. Because Plaintiff has already had thirty days to prepare her motion and brief, the Court grants Plaintiff 14 days from the date of this Order to submit her motion and brief challenging Defendant's administrative determination. The Court cautions that absent extraordinary circumstances, the Court will not entertain any further requests for an enlargement of time for Plaintiff to file her motion and brief. Accordingly,

IT IS ORDERED that Plaintiff's Third Motion for Enlargement of Time is granted in part and denied in part. Plaintiff shall have fourteen (14) days from the date of this order to file a motion for an order reversing Defendant's administrative decision or granting other relief along with a supporting brief.

Dated this 16th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge